Katherine SHUAMBER, et al., Plaintiffs–Appellants,

v.

John E. HENDERSON, et al., Defendants–Appellees.

No. 71A03–9001–CV–1.

Court of Appeals of Indiana, Third District.

Dec. 17, 1990.

Daniel H. Pfeifer, James W. Myers, III, Sweeney, Pfeifer & Blackburn, South Bend, for plaintiffs-appellants.

R. Kent Rowe, Richard A. Cook, Rowe, Foley & Huelat, South Bend, for appellee intervenor-defendant American Employer's Ins. Co.

HOFFMAN, Presiding Judge.

Plaintiffs Gail and Katherine Shuamber appeal a partial summary judgment in favor of intervenor-defendant American Employer's Insurance Company (American).

The facts relevant to the appeal show that on March 14, 1988, a collision occurred between vehicles driven by John Henderson and Gail Shuamber. As a result of the collision, Gail and her daughter Katherine, a passenger in the vehicle, sustained numerous physical injuries. Gail's son Zachary, another passenger in the vehicle, died as a result of the collision.

On April 25, 1988, Gail and Katherine Shuamber filed a complaint for damages against Henderson. Henderson's insurance carrier, Pafco General Insurance Company (Pafco), filed a petition to intervene on June 30, 1988, which the trial court granted that same day. Pafco deposited $50,000.00, the entire proceeds of its policy insuring Henderson, with the clerk of the St. Joseph Superior Court then filed a petition for discharge which the trial court granted on August 12, 1988. Also on August 12, 1988, the Shuamber's insurance carrier, American, filed a petition to intervene which the trial court granted that same day. On August 22, 1988, American filed an answer to the complaint. The Shuambers filed an amended complaint on September 9, 1988, and American filed an answer on October 3, 1988.

On August 14, 1989, American filed a motion for partial summary judgment with respect to the question of damages. After a hearing on August 31, 1989, the trial court took the motion under advisement. On December 18, 1989, the trial court granted the motion as to the Shuambers' claims for emotional distress damages and punitive damages.

The Shuambers raise three issues for review:

(1) whether this Court should overrule existing case law and abolish the impact rule;

(2) whether the trial court erred in granting American's motion for partial summary judgment as to the Shuambers' claim for emotional distress damages; and

(3) whether the trial court erred in granting American's motion for partial summary judgment as to the Shuambers' claim for punitive damages under the underinsured motorist clause of their insurance policy.

██ Indiana has adhered to the so-called "impact" rule since 1897. *See Kalen v. Terre Haute and Indianapolis Railroad Company* (1897), 18 Ind.App. 202, 47 N.E. 694. The impact rule provides that "damages for emotional distress are recoverable only when accompanied by and resulting from a physical injury." *Little v. Williamson* (1982), Ind.App., 441 N.E.2d 974, 975. Our courts have excepted certain cases of intentional infliction of emotional distress from compliance with the impact rule,[1] but no Indiana cases have excepted negligent infliction of emotional distress actions such as the instant action from compliance. *Id.*

The Shuambers first claim this Court should overrule existing case law and abolish the impact rule. However, we must leave this responsibility to our legislature. *Id.* Moreover, as the *Little* court observed, "considering the evolution of Indiana law concerning recovery for infliction of emotional distress, we believe any erosion of the impact rule must first occur in cases of intentional rather than negligent infliction of emotional distress." *Id.*

 In the alternative, the Shuambers argue that the impact rule does not preclude recovery of emotional distress damages in their case because they suffered physical injury in the same collision that killed their son/brother. In support of their position, the Shuambers cite *Pieters v. B–Right Trucking, Inc.* (N.D.Ind.1987), 669 F.Supp. 1463, a case in which District Judge Lee concluded that Indiana's impact rule permitted recovery of damages for emotional distress stemming from the injuries and death of a plaintiff's fiance as well as from plaintiff's own injuries arising out of the same accident. *Id.* at 1473. However, although *Pieters* is factually similar to the instant case, federal authority is not a binding precedent on this Court. *McFarland; Lantz v. Phend & Brown, Inc. et al.* (1974), 161 Ind.App. 695, 698, 317 N.E.2d 460, 462. It is clear from the Shuambers' answers to interrogatories that their emo-

tional distress was due to their son/brother's death and not their own injuries. Because the Shuambers' emotional distress did not relate to or result from their own injuries, the impact rule bars their recovery of emotional distress damages.[2]

Next, the Shuambers contend the trial court erred in granting American's motion for partial summary judgment as to their claim for emotional distress damages. In reviewing a motion for summary judgment, we apply the same standard as that employed by the trial court. A court may grant summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the court believes the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences.

Ind.Trial Rule 56(C);
*Travel Craft v. Wilhelm Mende GMBH* (1990), Ind., 552 N.E.2d 443, 446.

As previously discussed, the Shuambers' answers to interrogatories demonstrated that their emotional distress was due to their son/brother's death rather than their own injuries. Consequently, the impact rule bars their recovery of emotional distress damages. The trial court did not err in granting American's motion for partial summary judgment as to the Shuambers' claim for emotional distress damages.

 Lastly, the Shuambers maintain the trial court erred in granting American's motion for partial summary judgment as to their claim for punitive damages under the underinsured motorist clause of their insur-

---

**1.** *See, e.g., Charlie Stuart Oldsmobile v. Smith et al.* (1976), 171 Ind.App. 315, 357 N.E.2d 247.

**2.** This Court would note that the impact rule would not have been a bar to recovery of dam-

ages for emotional distress due to the Shuambers' own injuries; however, they made no such claim.

ance policy. IND.CODE § 27–7–5–2(a) (1988 Ed.) mandates that insurers make uninsured and underinsured motorist coverage available and provides as follows:

"The insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage:

(1) in limits for bodily injury or death and for injury to or destruction of property not less than those set forth in IC 9–2–1–15 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom; or

(2) in limits for bodily injury or death not less than those set forth in IC 9–2–1–15 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy provisions who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured. Uninsured motorist coverage or underinsured motorist coverage may be offered by an insurer in an amount exceeding the limits of liability specified in the bodily injury and property damage liability provisions of the insured's policy."

The purpose of uninsured motorist insurance is to put the injured insured party in substantially the same position as if the offending party had complied with the minimum requirements of the Financial Responsibility Act. *Town & Country Mut. Ins. Co. v. Hunter* (1984), Ind.App., 472 N.E.2d 1265, 1270.

This Court was unable to find any Indiana cases which dealt with the question whether an injured insured can recover punitive damages from his own insurer under an underinsured policy provision. However, numerous other jurisdictions have addressed the question, and we find the view denying recovery persuasive. As the Supreme Court of Rhode Island observed in *Allen v. Simmons* (R.I.1987), 533 A.2d 541, 543:

"Those courts that have [denied recovery] emphasize that coverage would defeat the purpose of punitive damages, which is to punish and to deter others from acting similarly; and allowing coverage serves no useful purpose since, supposedly, the plaintiff had been made whole by the award of compensatory damages. Again, to allow coverage, it has been said, passes on to the other premium payers the punishment intended for the defendant and creates (1) a conflict of interest between the insurer and the insured and (2) a conflict between the rule permitting the jury to consider a defendant's financial standing in fixing the amount of punitive damages and the principle that the insurance coverage would not be revealed to the jury."

The trial court also adopted this view in its order granting partial summary judgment when it noted that "the Indiana legislature designed such coverage to help guarantee reimbursement for bodily injuries wrong-

fully inflicted by a financially irresponsible motorist who has inadequate liability coverage, and not for the recovery of punitive damages." The trial court did not err in granting summary judgment as to the Shuambers' claim for punitive damages.

Affirmed.

GARRARD and BUCHANAN, JJ., concur.