Katherine SHUAMBER and Gail Shuamber, Appellants,
(Plaintiffs Below),

v.

John HENDERSON, and American Employers Insurance Company (Intervenor), Appellees, (Defendants Below).

No. 71S03–9110–CV–801.

Supreme Court of Indiana.

Oct. 9, 1991.

Daniel H. Pfeifer, James W. Myers, III, Sweeney, Pfeifer & Blackburn, South Bend, for appellants, Katherine Shuamber et al.

R. Kent Rowe, Richard A. Cook, Rowe, Foley & Huelat, South Bend, for appellees, John Henderson et al.

Aaron M. Black, Roby & Hood Law Firm, Fort Wayne, amicus curiae, for The Indiana Trial Lawyers Ass'n.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Gail Shuamber and her daughter, Katherine, (Plaintiff–Appellants below) seek transfer after the Court of Appeals affirmed the entry of partial summary judgment against them and in favor of American Employers Insurance Company (Defendant–Appellee below) ("American"). *Shuamber v. Henderson* (1990), Ind.App., 563 N.E.2d 1314. In their petition to transfer, the Shuambers raise the following issues:

1. Whether the trial court erred in granting partial summary judgment in favor of American as to Shuamber's claim for negligent infliction of emotional distress; and

2. Whether the trial court erred in granting partial summary judgment in favor of American as to Shuamber's claim for recovery of punitive damages from their underinsured motorist coverage.

Because we find that the Shuambers should be allowed to pursue their claims for negligent infliction of emotional distress, we now grant transfer.

On March 14, 1988, an automobile driven by John Henderson collided with an automobile driven by Gail Shuamber. Gail and her daughter, Katherine, a passenger, suffered various physical injuries. Gail's son (and Katherine's brother) Zachary, also a passenger, was killed. Gail and Katherine filed a complaint against Henderson seeking a recovery for their personal injuries. Henderson's insurance carrier, Pafco, obtained leave to intervene in the litigation, deposited the proceeds of the policy with the clerk of the court, and was discharged. Shuamber's carrier, American, was also granted leave to intervene because American may become obligated to the Shuambers by virtue of underinsured motorist coverage it provided to the Shuambers. Answers from the Shuambers to interrogatories propounded by American indicate that, as part of their injuries, they seek recovery for mental anguish they experienced as a result of Zachary's death. Asked to describe the severity of the mental distress claimed and the cause which triggered the suffering, Gail answered:

Extreme loss and trauma do [sic] to her son's death, confusion to why this tragedy occured; a decrease in appetite, facts and denials; disturbance, depression and loneliness.

To an identical interrogatory, Katherine answered:

Kathyrn [sic] Shuamber saw her brother get hurt in the accident in question. Since Zachary's death she asks her mother, Gail Shuamber, questions such as: 'Why wasn't it me; Why did that man have to be drunk' Katie remembers her mother screaming after the accident and she is very concerned about her mother. In a mother's day card she wrote, 'I hope you won't be sad.' Katie also won't let any of her friends talk about Zachary in front of her mother, so as to try and protect her.

The parties do not dispute the fact that Shuamber's claim is based on the emotional trauma allegedly imposed on them as a result of observing a member of their immediate family sustain mortal injuries in an automobile collision. They do not seek recovery for emotional trauma arising out of or caused by their own physical injuries. In addition, the Shuamber's complaint seeks punitive damages from American, pursuant to the underinsured motorist coverage, on account of Henderson's conduct.

After receiving the answers to interrogatories, American filed a motion for partial summary judgment on the grounds that Indiana does not permit recovery for negligent infliction of emotional distress under the factual circumstances present in this case and that punitive damages are not available with underinsured motorist coverage. American's motion was granted by the trial court. Accurately stating the current law of Indiana, the Court of Appeals

affirmed the entry of partial summary judgment on both issues. *Shuamber v. Henderson*, 563 N.E.2d 1314.

For the reasons discussed below, we now grant transfer to vacate the opinion of the Court of Appeals and reverse the entry of partial summary judgment relating to negligent infliction of emotional distress.

Before addressing the issues raised by the parties, however, we first recite the familiar standard by which we review the granting of motions for summary judgment. We apply the same standard applicable to the trial court: only if the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law should summary judgment be granted. T.R. 56; *Cullison v. Medley* (1991), Ind., 570 N.E.2d 27, 28. Any doubt about the existence of a fact or the reasonable inferences to be drawn from it is to be resolved in favor of the non-moving party.

### I. *Negligent Infliction of Emotional Distress*

#### A. Current Law—The Impact Rule.

Shuambers argue first that existing Indiana law allows them the opportunity to prove their case. We do not agree.

Unquestionably, Indiana has a long-standing and well-established rule that damages for mental distress or emotional trauma may be recovered only when the distress is accompanied by *and* results from a physical injury caused by an impact to the person seeking recovery. *New York, Chicago, & St. Louis R.R. Co. v. Henderson* (1957), 237 Ind. 456, 477, 146 N.E.2d 531, 543; *Boston v. Chesapeake & O. Ry.* (1945), 223 Ind. 425, 428–29, 61 N.E.2d 326, 327; *Indianapolis St. Ry. v. Ray* (1906), 167 Ind. 236, 245–46, 78 N.E. 978, 980. The mental injury must be the natural and direct result of the plaintiff's physical injury. *Boston v. Chesapeake & O. Ry.*, 223 Ind. at 428–29, 61 N.E.2d at 327; *Little v. Williamson* (1982), Ind.App., 441 N.E.2d 974, 975 (and cases cited therein). This rule is known as the "impact rule" because of the requirement that there be some physical impact on the plain-tiff before recovery for mental trauma will be allowed. This has been the rule in Indiana for nearly one hundred years, *Kalen v. Terre Haute & I.R.R. Co.* (1897), 18 Ind.App. 202, 47 N.E. 694, and has it origins in England. *See, Pieters v. B–Right Trucking, Inc.* (1987), N.D.Ind., 669 F.Supp. 1463, 1467. The rule, as applied in Indiana, has three elements: (1) an impact on the plaintiff; (2) which causes physical injury to the plaintiff; (3) which physical injury, in turn, causes the emotional distress. *Boston v. Chesapeake*, 223 Ind. at 428–29, 61 N.E.2d at 327.

Here, where the emotional trauma of mother and daughter was triggered by the death of Zachary, rather than as a result of their own physical injuries, application of the general rule now existing in Indiana law would not permit a recovery because the Shuambers have not met all of the requirements under the "impact rule." Although they were involved in a physical impact (element 1), as a result of which they sustained physical injury (element 2), the emotional trauma was not a direct result of their physical injury. Thus, element 3, mental trauma caused by and arising out of the physical injury, is absent.

The Shuambers alternatively argue that the facts of this case fall within the intentional conduct exception to the impact rule. They claim that, because Henderson acted intentionally in injuring them, they need not show trauma resulting from the physical injury. Indiana courts have recognized an exception to operation of the impact rule in cases where the defendant's conduct was "inspired by fraud, malice or like motives involving intentional conduct." *Naughgle v. Feeney–Hornak Shadeland Mortuary, Inc.* (1986), Ind.App., 498 N.E.2d 1298, 1301. *See e.g. Montgomery v. Crum* (1928), 199 Ind. 660, 683–84, 161 N.E. 251, 260 (intentional abduction of a child); *Kline v. Kline* (1902), 158 Ind. 602, 64 N.E. 9 (attempted arson); *Lazarus Dept. Store v. Sutherlin* (1989), Ind.App., 544 N.E.2d 513, 526 (false imprisonment, malicious prosecution and defamation); *Groves v. First Nat'l. Bank of Valparaiso* (1988), Ind.App., 518 N.E.2d 819, 829 (fraudulent

concealment of liens and encumbrances). We find nothing in the record to suggest that Henderson's actions fall within this exception. Nor have the Shuambers alleged any intentional tort which would bring them within the recently announced rule in *Cullison v. Medley*, 570 N.E.2d 27 (where intentional torts are concerned, recovery for emotional distress is now permitted in the absence of any physical injury if the tort is one which would foreseeably provoke an emotional disturbance of the kind normally to be aroused in the mind of a reasonable person).

Clearly, under the current rule of law, the impact rule would preclude recovery for the Shuambers' mental injuries. We believe, however, that the impact rule needs to be re-examined.[1]

### B. Re-examination of the Impact Rule.

The Shuambers urge us to abandon the impact rule and permit recovery for negligent infliction of emotional distress. They claim that the policy reasons advanced for continuation of the impact rule are no longer valid. American, on the other hand, argues that there is insufficient evidence that the policy reasons are no longer valid, and that Indiana statutory law provides a remedy.

Three reasons are traditionally given in support of retaining the impact rule and denying recovery for mental distress unrelated to physical injuries: (1) fear that a flood of litigation will result if claims of this nature are allowed; (2) concern that fraudulent claims will be made (and rewarded); and (3) difficulties in proving a causal connection between the negligent conduct and the emotional distress. However, as we stated recently in *Cullison*, we have rejected this rationale:

> We now conclude that the rationale for this rule, whatever its historical foundation, is no longer valid and, therefore, the

so-called "impact rule" does not apply to prohibit recovery for emotional distress when sustained in the course of a tortious trespass.... The mere fact of a physical injury, however minor, does not make mental distress damages any less speculative, subject to exaggeration, or likely to lead to ficticious claims. In fact, the experience in this state is that juries are equally qualified to judge someone's emotional injury as they are to judge someone's pain and suffering or future pain and suffering, and the presence or absence of some physical injury does nothing to alleviate the jury's burden in deciding whether the elements of mental suffering are present. We note there are those who argue that allowing recovery for mental damages will result in an inundation of the court system with such claims, but we do not believe that the workload occasioned by some possible increase in legitimate claims is any reason to deny or prohibit such claims.

570 N.E.2d at 30. *See also, Elza v. Liberty Loan Corp.* (1981), Ind., 426 N.E.2d 1302 (Hunter, J. dissenting from denial of transfer). We are satisfied that these policy reasons are no longer valid concerns in the context of negligent infliction of emotional distress, and we perceive no reason under appropriate circumstances to refrain from extending recovery for emotional distress to instances where the distress is the result of a physical injury negligently inflicted on another.

We note that in *Pieters v. B–Right*, 669 F.Supp. 1463, Judge Lee was required to predict our resolution of this issue in a case factually similar to the one here. He predicted correctly. In *Pieters*, a passenger brought a personal injury action against a trucking company on account of an accident that caused the death of the automobile's driver, the passenger's fiance. The passenger sought recovery for the emotion-

---

**1.** While not controlling, it is interesting to note that Indiana is only one of three states that still adhere to the requirement that the mental distress arise out of a physical injury. *See, M.B.M. Co. v. Counce* (1980), 268 Ark. 269, 273–74, 596 S.W.2d 681, 684–85; *Bowman v. Doherty* (1984), 235 Kan. 870, 875, 686 P.2d 112, 118. Only three other states continue to require an impact at all. *See, Asuncion v. Columbia Hosp. for Women* (1986), D.C., 514 A.2d 1187, 1188–89; *Sanders v. Brown* (1986), 178 Ga.App. 447, 343 S.E.2d 722; *Davis v. Graviss* (1984), Ky., 672 S.W.2d 928; *Saechao v. Matsakoun* (1986), 78 Or.App. 340, 717 P.2d 165.

al trauma caused by seeing her fiance die in the accident. The trucking company moved to exclude evidence of emotional trauma suffered as a result of witnessing the death because the passenger's emotional trauma did not arise from the personal injuries she sustained in the accident. Judge Lee stated that recovery should be permitted. We agree.

While the Shuambers invite us to abolish the Indiana "impact rule," the resolution of this case does not require us to either accept or reject this invitation. When, as here, a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

■ Having stated the rule, we now apply it to the facts of the case before us. Gail Shuamber was directly involved in the impact because she was inside the vehicle when it was struck by Henderson's automobile. Thus, she sustained an impact. The impact was severe enough to have killed her son. Gail claims to have suffered emotional trauma as a result of being involved in the impact and witnessing her son being fatally injured. We believe that she should be allowed the opportunity to present her evidence. Whether, ultimately, the evidence will be substantial enough to convince a jury that her emotional trauma is a result of being involved in the accident, as opposed to being the normal reactions of a mother who has tragically lost her son (which would not be recoverable), is a question for a jury to decide.

Similarly, Katherine was a passenger in the Shuamber automobile and was directly involved in the impact. If Katherine is able to prove that she sustained a mental trauma as a result of observing her brother's fatal injury, which is separate from the grief which naturally arises from the loss of a sibling and separate from the sadness her mother's sorrow visits upon her, then she, too, should recover for that emotional trauma.

American argues that we need not change the law because *Ind.Code Ann.* § 34-1-1-8 (West Supp.1990) provides the Shuambers with a remedy for their claims of emotional distress. This section provides in pertinent part that in an action to recover for the death of a child, the plaintiff may recover damages to pay the expenses of:

> (c) The reasonable expense of psychiatric and psychological counseling incurred by a surviving parent or minor sibling of the child that is required because of the death of the child.

We note, however, that this provides only a limited remedy for the Shuambers, and would reimburse then only for out-of-pocket expenses occasioned by the trauma. The statute does not provide any recovery for mental suffering occasioned by the trauma. Clearly, this statute does not attempt to fully compensate the Shuambers for their injuries allegedly sustained from this automobile collision.

American also argues that if any change in the impact rule is to occur, the legislature is in a better position to effect that change. Again, we do not agree. The impact rule was first recognized by the courts and is a part of the common law of Indiana. As such, it is fully within this Court's authority and responsibility to alter the rule when the rationale for the rule is no longer valid.

## II. *Punitive Damages*

■ The Shuambers also claim that summary judgment was improper on the issue of whether they are entitled to recover punitive damages from American as part of their underinsured motorist coverage. For the reasons stated by the Court of Appeals, we conclude such damages are not available under that coverage, and, therefore, the entry of summary judgment precluding recovery of punitive damages against American was proper. In so concluding, we adopt that portion of the opinion of the

Court of Appeals relating to this issue. *Shuamber v. Henderson*, 563 N.E.2d at 1316–18.

### III. *Conclusion*

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals and reverse the entry of partial summary judgment on the issue of negligent infliction of emotion distress, and adopt and incorporate by reference the opinion of the Court of Appeals and affirm the entry of partial summary judgment on the issue of punitive damages.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents, with opinion.

## ON CIVIL PETITION TO TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

The majority correctly states that for many years the law in Indiana precluded recovery for emotional injury due to the loss of a loved one. The Court of Appeals opinion, *Shuamber v. Henderson* (1990), Ind.App., 563 N.E.2d 1314, also correctly states this proposition of law.

Although the majority is correct in stating that the impact rule is part of the case law of Indiana, thus subject to change by the judiciary, this nevertheless is a field which, as recognized by the majority opinion, has been entered by the legislature.

The majority goes on to state that this Court should change the rule "when the rationale for the rule is no longer valid." However, I see no rationalization within the majority opinion which demonstrates any factual changes in our society which would render the rule "no longer valid." As recognized by the majority, the reason for the rule in the first place is that emotional trauma, under the circumstances of this case, although without doubt existing, is so nebulous and differing from person to person that the fixing of damages by a jury

can only be a wild guess and thus subject to extreme variations from case to case.

If the legislature would see fit to provide for such damages, so be it. I find no justification however in the majority opinion for this Court to create such a remedy.

The trial court should be affirmed.