**Carl ADAMS, Bryan Stutler, and Thomas Lenker, Appellants–Plaintiffs,**

v.

**CLEAN AIR SYSTEMS, INC., Appellee–Defendant.**

**No. 50A03–9111–CV–341.**

Court of Appeals of Indiana, Third District.

Feb. 27, 1992.

James N. Clevenger, Kizer & Neu, Plymouth, for appellants-plaintiffs.

Timothy W. Woods, Patrick D. Murphy, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Carl Adams, Bryan Stutler, and Thomas Lenker appeal an award of summary judgment to appellee-defendant Clean Air Systems, on their complaint for damages alleging emotional distress based upon their possible exposure to asbestos. Another defendant named in the complaint is not a party to this appeal.

The facts relevant to the appeal disclose that in January 1988, the owners of the abandoned Holy Cross Parkview Hospital in Plymouth, Indiana, hired Clean Air to remove asbestos from the hospital and demolish the structure in order to sell the real estate. Clean Air subcontracted the demolition work to Eck Construction, Inc. Eck was to raze the building once Clean Air removed the asbestos.

Through a contract with Eck, plaintiffs acquired the salvage rights to the hospital. Plaintiffs were allowed to remove any materials that could be used or sold.

---

Clean Air removed the asbestos prior to Eck's commencement of the demolition work. A representative of Clean Air remained on the site during the demolition in the event that asbestos was discovered during the salvage or demolition work.

Plaintiffs conducted their salvage operation without the benefit of breathing equipment. On several occasions, plaintiffs discovered a dusty, powdery substance which they feared was asbestos. On at least two of those occasions, plaintiffs requested that a Clean Air representative inspect the substance. After examination of the substance, the Clean Air representative stated that it did not contain asbestos.

One of the plaintiffs, Carl Adams, gathered samples of the powdery substance for analysis. Some of the samples contained asbestos, others did not.

Plaintiffs feared that they had breathed asbestos particles which could lead to an asbestos-related disease. Plaintiffs learned that asbestos-related diseases may manifest many years after inhalation of asbestos particles.

It is undisputed that chest x-rays of plaintiffs were normal; neither plaintiffs nor their doctors know whether plaintiffs inhaled asbestos particles; presently, plaintiffs do not suffer from asbestosis or any asbestos-related disease; and neither plaintiffs nor their doctors have any knowledge as to whether plaintiffs will develop asbestosis or any asbestos-related disease.

Clean Air filed motions for summary judgment based upon Indiana's "impact rule" which normally requires some physical injury prior to recovery for emotional distress. Plaintiffs filed their motions in opposition. Plaintiffs submitted affidavits regarding the bases for their claim. Plaintiffs proceeded on two grounds, that they were entitled to compensation for periodic pulmonary monitoring, and compensation for their emotional distress from the constant fear that they will develop a fatal asbestos-related malady.

The trial court relied upon evidence presented at a hearing on summary judgment, affidavits and depositions in determining that summary judgment should be granted for Clean Air. The trial court specifically noted that the other defendant, Eck Construction, Inc., had filed bankruptcy proceedings. The trial court entered final judgment in favor of Clean Air. This appeal ensued.

Plaintiffs raise one issue on review: whether the trial court erred in finding that no genuine issues of material fact existed thereby granting summary judgment in favor of Clean Air.

Summary judgment is appropriate only where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *City of Evansville v. Moore* (1990), Ind., 563 N.E.2d 113, 114. Any doubt as to the existence of a factual issue should be resolved in favor of the non-moving party. *Id.*

Here, the material facts are not in dispute. The parties differ only upon the application of law. Specifically at issue is whether recent modifications of Indiana's "impact rule" would allow plaintiffs to pursue their claim for negligent infliction of emotional distress and whether summary judgment was appropriate on their claim for periodic medical examinations.[1]

In *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454, our Supreme Court outlined the "impact rule" and its genesis:

"Unquestionably, Indiana has a long-standing and well-established rule that damages for mental distress or emotional trauma may be recovered only when the distress is accompanied by *and* results from a physical injury caused by an impact to the person seeking recovery.... The mental injury must be the natural and direct result of the plaintiff's physical injury.... This rule is known as the 'impact rule' because of the requirement that there be some physical impact on the plaintiff before recovery for mental trauma will be allowed. This has been the rule in Indiana for nearly one hundred years, ... and has its origins in England.... The rule, as applied in Indiana, has three elements: (1) an im-

---

**1.** In their Brief of Appellants, plaintiffs explicitly abandon any claim that the conduct by Clean Air was intentional or designed to specifically harm the plaintiffs.

pact on the plaintiff; (2) which causes physical injury to the plaintiff; (3) which physical injury, in turn, causes the emotional distress. [Citations omitted.] (Emphasis in original.)"

*Id.*

The court in *Shuamber* discussed the exceptions to the "impact rule." A defendant's conduct which is " 'inspired by fraud, malice or like motives involving intentional conduct' " has been recognized as an exception to operation of the "impact rule." *Id.* at 454. Also, recovery for emotional distress may be had in the absence of a physical injury in the case of an intentional tort which would foreseeably provoke an emotional disturbance of the kind normally to be aroused in the mind of a reasonable person. *Id.* at 455, *citing Cullison v. Medley* (1991), Ind., 570 N.E.2d 27. After stating the recognized exceptions to the "impact rule," the court in *Shuamber* announced a further modification of the rule:

> "When, as here, a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff."

*Id.* at 456.

In the present case, plaintiffs acknowledge that they do not know whether they inhaled asbestos fibers, and they do not know whether they are at risk to contract an asbestos-related disease. It does not appear that the mere possibility that an individual has inhaled or ingested a toxin, which may or may not produce physical injury, which in turn causes emotional distress to that individual, states a cause of action under the exception announced in *Shuamber*. Although plaintiffs earnestly contend that they suffer emotional distress due to the possibility of exposure to asbestos, some certainty that plaintiffs actually inhaled the potentially harmful toxin is required prior to the maintenance of the cause of action.

In the alternative, plaintiffs urge this Court to create an exception to the "impact rule," in cases such as this, where the defendant displays gross indifference to the welfare of others. Creation of the exception is not within the province of this Court. Moreover, without condoning the inaction of the representative from Clean Air, under the undisputed facts that plaintiffs may not have inhaled asbestos fibers, plaintiffs cannot benefit from such an exception. As noted earlier, the mere possibility that the defendant's action or inaction placed plaintiffs in a position to possibly sustain injury is not cognizable. This is so even if the "impact rule" was completely discounted.

Also, as a matter of law, plaintiffs cannot maintain an action for damages including the expense of periodic medical examinations where they assert only that they possibly inhaled a toxin.

Accordingly, the trial court's award of summary judgment to Clean Air is affirmed.

Affirmed.

GARRARD and CONOVER, JJ., concur.