Joyce S. ROSS, Appellant
(Plaintiff below),

v.

Raminder CHEEMA and Pillow Express Delivery Service, Inc., Appellees (Defendants below).

No. 49S04–9909–CV–500.

Supreme Court of Indiana.

Sept. 27, 1999.

---

Gil I. Berry, Jr., Buck Berry Landau & Breunig, Indianapolis, Indiana, Attorney for Appellant.

John C. Trimble, Dina M. Cox, Lewis & Wagner, Indianapolis, Indiana, James D. Johnson, Rudolf Fine Porter & Johnson LLP, Evansville, Indiana, Attorneys for Amicus Curiae.

Nicholas C. Pappas, Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, Attorneys for Appellees.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

While sitting in her living room, Plaintiff Joyce Ross was frightened by loud knocking at her door. We find that Ross did not sustain the requisite direct impact necessary to maintain an action in Indiana for negligent infliction of emotional distress.

### Background

On December 6, 1995, Ross was sitting in a chair in her living room when someone rang the doorbell. Before Ross could answer the door, the person pounded loudly on the door. Ross then heard the screen door pop open, followed by the twisting of the door knob, and then more pounding on the door. Ross rose from her chair, ran to the kitchen, looked out the window and saw an unfamiliar car. Frightened, she placed a steak knife in her pants before going to answer the door. Upon opening the door, Defendant Raminder Cheema, making a delivery for his employer, Defendant Pillow Express Delivery Services, Inc., handed Ross a clipboard and stated "I have a letter for you. Sign here." Ross signed for the letter, but as she closed the door, she noticed that the screen door lock was broken and that the door knob was very loose.

On August 3, 1996, Ross filed a complaint for damages against Cheema and Pillow Express, alleging negligent infliction of emotional distress. At trial, Defendants successfully moved for summary judgment, arguing that the Indiana impact rule barred Ross's recovery. The Court of Appeals reversed, finding that because Ross sustained a direct impact from Defendant's negligence, she was not precluded by the modified impact rule from maintaining her action for negligent infliction of emotional distress. *Ross v. Cheema*, 696 N.E.2d 437, 439 (Ind.Ct.App.1998).

### Discussion

Defendants contend that the Court of Appeals erred in reversing the trial court's grant of summary judgment. Specifically, they argue that the Court of Appeals improperly concluded that Ross sustained the "direct impact" necessary to maintain an action for negligent infliction of emotional distress under Indiana's modified impact rule. We agree.

In *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind.1991), this Court set forth the rule governing negligent infliction of emotional distress claims. *Shuamber* modified prior Indiana law, which held that damages for emotional distress were recoverable only where the emotional distress is accompanied by, and results from, a contemporaneous physical injury. *See, e.g., New York, Chicago, & St. Louis R.R. Co. v. Henderson*, 237 Ind. 456, 477, 146 N.E.2d 531, 543 (1957). In doing so, this Court did away with the physical injury requirement, concluding instead that:

> When ... a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Shuamber*, 579 N.E.2d at 456. Hence, the modified rule maintains the requirement of a direct impact, but that impact need not

result in a physical injury, nor need the emotional trauma result from a physical injury.

■ In the present case, Ross was sitting in her living room when Cheema began the pounding on her door that is alleged to have caused her emotional distress. This pounding, Ross asserts, constitutes a "direct impact" within the meaning of Indiana's modified impact rule, and thereby entitles her to maintain her action for negligent infliction of emotional distress. It does not. Prior to *Shuamber*, Indiana's impact rule required a direct impact, which resulted in physical injury, which in turn resulted in the actionable emotional distress. *Boston v. Chesapeake & O. Ry.*, 223 Ind. 425, 428–29, 61 N.E.2d 326, 327 (1945). In causing the requisite physical injuries, the direct impact is properly understood as being "physical" in nature. Though removing the physical injury element, *Shuamber* in no way altered the "impact" element of the rule. For purposes of the modified rule, the direct impact sustained by the plaintiff must necessarily be a "physical" one. It is clear from the facts of this case that Ross, in merely hearing a loud pounding at her door, did not sustain the direct "physical" impact necessary to maintain an action for negligent infliction of emotional distress under the modified impact rule.[1]

### Conclusion

For these reasons, we grant transfer, vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

DICKSON, J., dissents without opinion.

---

1. "Ross heard and observed the offending conduct, but could not feel it. She was not in contact with the door when it was struck. To justify imposition of the rule by saying that she was in contact with the house—by standing on its floor—is to stretch the point too far." *Ross,* 696 N.E.2d at 441. (Friedlander, J., dissenting).