**Arthur R. BROWN, for himself and on behalf of the Commissioner of Labor of the State of Indiana, Plaintiff,**

v.

**WABASH NATIONAL CORPORATION, the Wabash National Choice Benefits Plan, and Wabash National LP, Defendants.**

**No. 4:02CV0071.**

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 25, 2003.

Brian L. McDermott, Kim F. Ebert, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Indianapolis, IN, for Plaintiff.

Lawrence C. DiNardo, Michael J. Gray, Jones Day, Chicago, IL, for Defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the Court on Defendant's, Wabash National Corporation ("Wabash National"), motion for an order dismissing Counts IV and V of Plaintiff's Amended Complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. On September 15, 2003, Plaintiff filed an unopposed motion to amend his Complaint to include alleged claims for invasion of privacy and negligent infliction of emotional distress.

This Court granted that motion on September 16, 2003. Now, Wabash National moves for dismissal of these alleged claims. Despite an extension up to and including November 17, 2003, to respond to Wabash National's motion to dismiss, the Plaintiff has failed to do so.

### I. Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the Complaint sets forth no viable cause of action upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); *Challenger v. Local Union No. 1*, 619 F.2d 645, 649 (7th Cir.1980). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court accepts all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir.1999). Plaintiffs' claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999). Furthermore, the Court is not required to accept the plaintiffs' legal conclusions. *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir.1998), cert. denied 525 U.S. 930, 119 S.Ct. 337, 142 L.Ed.2d 278 (1998). Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### II. Analysis

**A. Count IV–Invasion of Privacy Claim**

■ Count IV of the Plaintiff's Amended Complaint, alleges an Indiana common

law claim for invasion of privacy. The Indiana Supreme Court has recognized that the term "invasion of privacy" is generally a label used to describe "four distinct inquiries: 1) intrusion upon seclusion, 2) appropriation of name or likeness, 3) public disclosure of private facts, and 4) false-light publicity." *Doe v. Methodist Hospital,* 690 N.E.2d 681, 684 (Ind.1997); *see also, Felsher v. Univ. of Evansville,* 755 N.E.2d 589, 593 (Ind.2001). In *Doe,* the Indiana Supreme Court noted that the four distinct strands involved in the privacy tort are only tenuously related, each requiring the satisfaction of its respective elements. *Doe,* 690 N.E.2d at 684.

Plaintiff argues that when he commenced his employment with Wabash National, Plaintiff requested that Wabash National transfer certain confidential and sensitive information of his personal affairs from a laptop he used while employed with a previous employer to his computer at Wabash National. Plaintiff experienced some operational problems with his computer at Wabash National and when he reported these problems, Wabash National transferred the confidential information from Plaintiff's computer to a compact disk. Plaintiff claims that when specifically asked, he denied to have the confidential information transferred to the shared computer drive of Wabash National. However, Plaintiff claims that through responses to his requests for production of documents in this litigation, he learned that the confidential information had been transferred to the shared drive of Wabash National. Therefore, Plaintiff claims an invasion of privacy due to the publication of his confidential and personal information.

■ Wabash National argues however, that Plaintiff's Amended Complaint fails to specify which of the four separate strands is the basis for his invasion of privacy claim, and therefore no cognizable cause of action, nor sufficient facts to satisfy any invasion of privacy claims exists. Wabash National goes on to argue that even assuming Plaintiff had intended to allege a claim for public disclosure of private facts in Count IV, any such claim must be dismissed. To state a claim for tort of invasion of privacy based on public disclosure of private facts, plaintiff must demonstrate that (1) private information was publicly divulged (2) to persons who had no legitimate interest in the information, (3) in a manner that was coercive and oppressive, and (4) that such information would be highly offensive and objectionable to a reasonable person of ordinary sensibilities. *Ledbetter v. Ross,* 725 N.E.2d 120 (Ind.Ct. App.2000); *Pohle v. Cheatham,* 724 N.E.2d 655, 659 (Ind.Ct.App.2000).

■ The version of these torts involving disclosure of truthful but private facts encounters a considerable obstacle in the truth-in-defense provisions of the Indiana Constitution. *Doe,* at 693. In essence, the Indiana Supreme Court in *Doe* could not allow a claim for public disclosure of private fact because it "serves as an alternative for truthful defamation," forbidden by the Indiana Bill of Rights. *Id.* at 687. Article I Section 10 of the Indiana Constitution cautions against recognition of any civil action that imposes liability for truthful statements. *Id.* at 686–87. Even assuming Indiana courts recognize such a claim for public disclosure of private facts based on the facts presented in this matter, Plaintiff's allegations that Wabash National put his documents, on a shared network drive in order to effectuate his request, cannot meet the threshold necessary to state a claim for tort of invasion of privacy based on public disclosure of private facts. Therefore, to the extent that Plaintiff's Amended Complaint is interpreted to allege a cause for public disclosure of private facts, Count IV of

Plaintiff's Amended Complaint must be dismissed.

## B. Count V–Negligent Infliction of Emotional Distress Claim

 In order to maintain a cause of action for negligent infliction of emotional distress under Indiana law, a plaintiff must satisfy the modified impact rule. *Shuamber v. Henderson,* 579 N.E.2d 452, 456 (Ind.1991). Although the *Shuamber* Court eliminated the original necessity of physical injury, it nonetheless maintained the requirement of a "direct impact." *Id.* Additionally, Indiana case law makes it clear that the "direct impact" for an actual victim must be physical in nature. *Ross v. Raminder Cheema,* 716 N.E.2d 435, 436–37 (Ind.1999). In this matter, the Plaintiff's Amended Complaint fails to allege any direct or physical impact on Plaintiff. It is void of any mention of how Plaintiff suffered a "direct or physical impact" by virtue of his documents being placed electronically on a limited shared network computer drive. Further, the Amended Complaint fails to sufficiently allege Plaintiff's purported emotional damages. *See, Shuamber* at 456. Plaintiff's Count V of his Amended Complaint alleges only that Wabash National was negligent and Plaintiff suffered and continues to suffer some form of "emotional distress." Such does not suffice and therefore Count V must be dismissed for failure to state a claim.

### III. Conclusion

Based on the foregoing, Counts IV and V of Plaintiff's Amended Complaint are dismissed with prejudice.

**IT IS SO ORDERED.**