**DELTA AIRLINES, Atlantic Coast Airlines, Globe Security Services, Inc., Appellants and Cross–Appellees,**

v.

**Bryan L. COOK and Jennifer L. Cook, Appellees and Cross–Appellants.**

No. 49A02–0401–CV–77.

Court of Appeals of Indiana.

Jan. 20, 2005.

Bruce L. Kamplain, Joseph P. Maguire, Norris Choplin and Schroeder, Indianapolis, IN, Attorneys for Appellant.

Bryan L. Cook, Jennifer L. Cook, Indianapolis, IN, Appellees Pro Se.

John D. Papageorge, Sommer Barnard Ackerson, Indianapolis, IN, Attorney for Cross–Appellee.

**OPINION ON REHEARING**

NAJAM, Judge.

Atlantic Coast Airlines ("ACA") has filed a petition for rehearing asking that we "clarify or alter" our analysis of the modified impact rule in our opinion in this matter. *See Delta Airlines v. Cook*, 816 N.E.2d 448, 458–60 (Ind.Ct.App.2004). Specifically, ACA contends that "this

Court's published decision abrogates the Modified Impact Rule and conflates two distinct rules (the Modified Impact Rule and the Bystander Rule) into an unprecedented rule of 'direct involvement.'" Petition for Rehearing at 3. We grant ACA's petition for rehearing for the limited purpose of addressing this issue, but we reaffirm our opinion.

ACA asserts that "this Court's published decision does not attempt to distinguish in any way between the Indiana Supreme Court's clear and consistent application of the Modified Impact Rule in [*Alexander v. Scheid*, 726 N.E.2d 272 (Ind.2000)] and [*Bader v. Johnson*, 732 N.E.2d 1212 (Ind. 2000)] and the Supreme Court's equally clear creation of a separate Bystander Rule in [*Groves v. Taylor*, 729 N.E.2d 569 (Ind.2000)], which the *Bader* Court juxtaposed and plainly distinguished." Petition for Rehearing at 3.

Initially, ACA is correct that our supreme court has enunciated a separate rule under the modified impact rule for "bystanders." Unlike the modified impact rule, which still requires a physical impact, *see Ross v. Cheema*, 716 N.E.2d 435, 437 (Ind.1999), the bystander rule permits recovery where the plaintiff is "directly involved" in an event. *Groves*, 729 N.E.2d at 573. The court has held that "a bystander may ... establish 'direct involvement' by proving that the plaintiff actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortious conduct." *Id.*

Notwithstanding the operation of two distinct rules, we have held that, under certain circumstances, the reasoning underlying the bystander rule applies with equal force to a plaintiff who does not qualify as a bystander, as that term is defined in *Groves*. *See, e.g., Blackwell v. Dykes Funeral Homes, Inc.*, 771 N.E.2d 692 (Ind.Ct.App.2002), *trans. denied* (applying bystander rule where parents did not witness death or serious injury to relative; funeral home lost son's cremated remains). As we stated in *Keim v. Potter*, 783 N.E.2d 731, 735 (Ind.Ct.App.2003), "we do not see the logic in allowing a witness [or bystander] to claim emotional damages while precluding an actual victim of negligence from claiming such damages, where both plaintiffs have suffered a direct involvement reasonably expected to result in emotional injury." In short, as long as an alleged traumatic incident would reasonably be expected to result in emotional injury to someone directly involved in that incident, we see no reason to preclude that plaintiff from having his day in court.

In its initial brief on appeal, ACA averred that "'direct impact' and 'direct involvement' have the same meaning." Brief of Appellant at 21 n. 5. And our reading of our supreme court's opinions applying the modified impact rule and the bystander rule suggests a blurring of the lines between the two rules. Indeed, the reasoning underlying the court's decision to eliminate the physical injury requirement under the impact rule in *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind.1991), has been extended to eliminate the physical impact rule under the bystander rule. We think that that reasoning also supports eliminating the physical impact requirement under the modified impact rule. *See, e.g., Ketchmark v. Northern Indiana Pub. Serv. Co.*, 818 N.E.2d 522, 526 (Ind.Ct.App. 2004) (Crone, J., dissenting) (stating that "the time has come to clear the decks of the so-called 'impact rule' and to allow the tort of negligent infliction of emotional distress to stand on its own inherent elements.").

In *Conder v. Wood,* 716 N.E.2d 432, 435 (Ind.1999), our supreme court stated as follows:

> "direct impact" is properly understood as the requisite measure of "direct involvement" in the incident giving rise to the emotional trauma. Viewed in this context, we find that *it matters little how the physical impact occurs, so long as that impact arises from the plaintiff's direct involvement in the tortfeasor's negligent conduct.*

(Emphasis added). In *Alexander,* 726 N.E.2d at 272, the plaintiff sued her physician for failure to diagnose her lung cancer, which resulted in the destruction of healthy lung tissue. Following *Conder,* our supreme court held that "the purpose of the rule is to confine recovery to those with 'direct involvement' in the defendant's negligent act or omission. [The plaintiff] was treated by the defendants and has incurred a physical change as a result. This is good enough [to satisfy the direct involvement requirement]." *Id.* at 284. And in *Bader,* 732 N.E.2d at 1222, where the plaintiff alleged negligent infliction of emotional distress associated with a "wrongful birth" claim, we held that the plaintiff's "continued pregnancy and the physical transformation of her body ... satisfy the direct impact requirement of our modified impact rule." In *Bader,* our supreme court observed that:

> when the courts have been satisfied that the facts of a particular case are such that the alleged mental anguish was not likely speculative, exaggerated, fictitious, or unforeseeable, then the claimant has been allowed to proceed with an emotional distress claim for damages even *though the physical impact was slight, or the evidence of physical impact seemed to have been rather tenuous. See, e.g., Alexander v. Scheid,* 726 N.E.2d 272, 283–84 (Ind.2000) (holding

patient suffering from destruction of healthy lung tissue due to physician's failure to diagnose cancer was sufficient for negligent infliction of emotional distress); *Holloway v. Bob Evans Farms, Inc.,* 695 N.E.2d 991, 996 (Ind.Ct.App. 1998) (concluding that restaurant patron's ingestion of a portion of vegetables cooked with a worm was a direct physical impact under the modified impact rule)....

(Emphasis added).

In short, since *Shuamber,* which established the modified impact rule, eliminating the physical injury requirement, our courts have minimized the importance of the physical impact requirement under that rule. Then, in *Groves,* 729 N.E.2d at 572, our supreme court eliminated the physical impact requirement for certain bystanders of traumatic events. The court observed that:

> the reason for requiring direct involvement is to be able to distinguish legitimate claims of emotional trauma from the mere spurious. The value of requiring 'direct impact' is that it provides clear and unambiguous evidence that the plaintiff was so directly involved in the incident giving rise to the emotional trauma that it is unlikely that the claim is merely spurious.

> Given that the prevention of merely spurious claims is the rationale for the *Shuamber* rule, logic dictates that there may well be circumstances where, while the plaintiff does not sustain a direct impact, the plaintiff is sufficiently directly involved in the incident giving rise to the emotional trauma that we are able to distinguish legitimate claims from the mere spurious.

*Id.*

Relying heavily on that reasoning in *Groves,* this court in *Blackwell,* 771 N.E.2d at 692, applied the bystander rule to plain-

tiffs who alleged the negligent infliction of emotional distress after a funeral home lost their son's cremated remains. In that case, the plaintiffs did not witness the death or severe injury of a loved one. Indeed, the plaintiffs were not bystanders at all, but were directly impacted by the alleged negligence. Thus, our holding in *Blackwell* further blurs the distinction between the modified impact rule and the bystander rule. We held that absent a physical impact, it is sufficient if a plaintiff alleges "serious emotional trauma ... of a kind that a reasonable person would experience." *Id.* at 697.

Likewise, here, the focus should be on whether the Cooks allege emotional injuries that are "serious in nature and of a kind and extent normally expected to occur in a reasonable person" under the circumstances, not whether any physical impact occurred. *See Keim,* 783 N.E.2d at 735. In any event, to the extent that a degree of physical impact is required, the Cooks have satisfied the modified impact rule. In particular, the Cooks have alleged "physical changes" as a result of the defendants' alleged negligence. In his affidavit in opposition to summary judgment, Bryan Cook described the following physical changes he experienced during his confrontation with Girard: his "pulse increased, heart rate increased, adrenaline rushed, palms became sweaty, his breathing increased, and his senses became very acute." Appellant's App. at 595. And in her affidavit, Jennifer Cook alleged that her "heart rate accelerated, blood pressure increased, and breathing accelerated" during the incident. *Id.* at 602. Following our supreme court's holding in *Scheid,* 726 N.E.2d at 284, where the court stated that a physical change is "good enough" to satisfy the modified impact rule, we hold that the Cooks' alleged physical changes constitute "direct impacts" under the rule.

For the foregoing reasons, we reaffirm our opinion.

SULLIVAN, J., and BARNES, J., concur.