James K. HELSEL, Appellant,

v.

HOOSIER INSURANCE COMPANY,
Appellee.

No. 45A04–0405–CV–242.

Court of Appeals of Indiana.

May 13, 2005.

Transfer Denied Aug. 25, 2005.

Benjamen W. Murphy, Walter J. Alvarez, P.C., Crown Point, IN, Attorney for Appellant.

Kenneth M. Wilk, Karl E. Hand, Hand Wilk & Hand, Highland, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.[1]

Defendant, Hoosier Health Insurance's ("Hoosier") Motion for Partial Sum-

1. Oral Argument was held on February 15, 2005.

mary Judgment was granted in the Superior Court of Lake County. James Helsel ("Helsel"), plaintiff, appeals raising the following restated issues for review:

I. Whether a plaintiff may recover for the negligent infliction of emotional distress when the plaintiff bases his complaint upon the death of a victim with whom he had no prior relationship; and,

II. Whether a plaintiff must witness an actual death before he may recover for the negligent infliction of emotional distress.

We conclude that where there is a direct impact, a claim for negligent infliction of emotional distress requires neither a prior relationship with the victim nor the witnessing of an actual death. Accordingly, we reverse and remand.

**Facts and Procedural History**

On February 2, 2001, Helsel was traveling southbound on U.S. 41 when a vehicle occupied by Dorothy Barr and her husband crossed the centerline in front of and collided with Helsel's vehicle. Although Helsel observed Mr. Barr's head coming toward his vehicle's window, he lost sight of the Barrs when his airbag deployed.

After the impact, Helsel noticed that no one in the Barr vehicle was moving and assumed the vehicle's passenger, Mr. Barr, was dead. While Helsel rode to the hospital, a paramedic informed him that Mr. Barr had died upon impact. While Helsel was in the emergency room, his wife informed him that the driver of the other vehicle, Dorothy Barr, had also died. Helsel did not know the Barrs before this accident.

On January 31, 2003, Helsel brought suit for injuries arising from this accident and included Hoosier, his underinsured motorist carrier, in this suit. Among other claims, Helsel alleges he suffered psychological injuries as a result of witnessing the Barrs' deaths. Hoosier moved for partial summary judgment, requesting the trial court to dismiss Helsel's claim for negligent infliction of emotional distress. The trial court granted Hoosier's motion, and Helsel now appeals.

**I. Standard of Review**

When reviewing the grant of a motion for summary judgment, our standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Morningstar v. Maynard,* 798 N.E.2d 920, 922 (Ind.Ct.App.2003). Summary judgment is appropriate only where the designated evidence shows there is no genuine issue of material fact. *Id.* All facts and reasonable inferences drawn therefrom are construed in favor of the nonmoving party. *Id.*

**II. Relationship to the Victim**

Hoosier claims Helsel may not recover under a theory of negligent infliction of emotional distress because Helsel had no relationship with the Barrs before the accident. Br. of Appellee at 4. Indiana recognizes two situations in which a plaintiff may recover for negligent infliction of emotional distress: (1) when the plaintiff has sustained a direct impact by another's negligence and (2) when the plaintiff witnesses or comes upon an accident caused by another's negligence and sustains emotional distress upon learning the accident involves a loved one. Hoosier's first argument muddles these two situations.[2]

---

**2.** Though these test have been blurred, they are two distinct tests. *Delta Airlines v. Cook,* 821 N.E.2d 400 (Ind.Ct.App.2005), *trans. pending.*

The direct impact test was recognized by *Shuamber v. Henderson:*

> When ... a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

579 N.E.2d 452, 456 (Ind.1991).

The direct involvement test was recognized by *Groves v. Taylor,* 729 N.E.2d 569, 572 (Ind.2000), and is available when the plaintiff witnesses or comes upon the scene of an accident caused by the defendant's negligence involving a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling. *Bader v. Johnson,* 732 N.E.2d 1212, 1222 n. 9 (Ind.2000). The direct involvement test lists prerequisite relationships that a plaintiff must prove before recovery; the direct impact test does not. *See Conder v. Wood,* 716 N.E.2d 432, 434–35 (Ind.1999) (allowing direct impact recovery in an instance when the victim was not the plaintiff's spouse, parent, child, grandparent, grandchild or sibling).

█ Although our research has failed to locate a reported Indiana case in which a plaintiff obtained recovery when the victim was not at least an acquaintance, there is no relationship requirement contained in the direct impact test. *Shuamber,* 579 N.E.2d at 456. Rather, the direct impact test requires only "an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person." *Id.* Because Helsel was involved in an impact and may proceed under the direct impact test, the lack of a prior relationship between Helsel and the Barrs does not prohibit negligent infliction of emotional distress recovery.[3]

### III. Whether the Plaintiff Must Witness the Victims Death

█ Hoosier also asserts Helsel may not recover because Helsel did not actually witness the Barrs' deaths. However, the direct impact rule merely requires an "emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person." *Shuamber,* 579 N.E.2d at 456.

Helsel alleges he "lost vision of the other vehicle and its occupants" after his air bag deployed. Appellant's App. p. 3. Helsel also alleges he was able to see Mr. Barr's head coming toward the window glass. *Id.* Finally, Helsel alleges he immediately assumed the passenger in the Barr vehicle had died from the collision and learned of the Barrs' deaths shortly thereafter. *Id.* These allegations are enough for Helsel to survive summary judgment.[4]

### Conclusion

Under the facts and circumstances of this case, Helsel's claim for negligent in-

---

**3.** This holding does not preclude Hoosier from arguing that the absence of a relationship between Helsel and the Barrs makes Helsel's emotional trauma unreasonable or so insubstantial as to foreclose or minimize recovery.

**4.** Moreover, the jury has traditionally been afforded a great deal of discretion in assessing the amount of damage awards. *Dollar Inn, Inc. v. Slone,* 695 N.E.2d 185, 190 (Ind.Ct. App.1998), *trans. denied.* Here taking into account the fact that Helsel did not know the Barrs, was shielded by the airbag, and did not observe either of the Barrs' actual deaths, the jury should be entrusted to award damages commensurate with the evidence for this claim.

fliction of emotional distress is within the existing direct impact rule, which requires neither a prior relationship with the victim nor the witnessing of an actual death. Accordingly, the trial court erred when it granted Hoosier's Motion for Partial Summary Judgment.

Reversed and remanded for proceedings consistent with this opinion.

BAILEY, J., and SULLIVAN, J., concur.