**DOLLAR INN, INC., Appellant–Defendant,**

v.

**Patsy SLONE, Appellee–Plaintiff.**

No. 49A05–9709–CV–378.

Court of Appeals of Indiana.

June 9, 1998.

Rehearing Denied Sept. 1, 1998.

Stephen J. Peters, Richard Winegardner, Stewart & Irwin, Indianapolis, Gil I. Berry, Jr., Buck Berry Landau & Breunig, Indianapolis, for Appellant–Defendant.

Karl L. Mulvaney, Nana Quay–Smith, Candace L. Sage, Bingham Summers Welsh & Spilman, Indianapolis, Vernon J. Petri, Timothy L. Stewart, Vernon J. Petri & Associates, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Dollar Inn, Inc. ("Dollar") appeals the jury verdict in favor of Patsy Slone ("Slone"), claiming that the trial court erred by denying Dollar's motion for judgment on the evidence, that the trial court erred by refusing to give its tendered jury instruction # 2, and, alternatively, that the jury verdict was excessive.

We affirm.

## FACTS

This appeal arises out of an injury Slone sustained on the morning of September 29, 1988, while staying as a guest at the Dollar Inn. On that morning, Slone was stabbed in the thumb by a hypodermic needle concealed inside the center tube of a roll of toilet paper as she grabbed the roll. When a member of the hotel's staff came to Slone's room, the staff member told Slone that the needle probably was from an intravenous drug user on the hotel staff. Because she feared possible exposure to diseases from the needle, Slone went to Wishard Hospital for blood tests. Slone was told by her examining physician, Dr. Thomas Scully, that she would need to be tested regularly for AIDS for perhaps as many as ten years.

When Slone returned to her home, she was visibly upset, crying, shaking, and pale. Because Slone feared she may have been exposed to AIDS and did not want to risk

transmitting the disease to her daughters, Slone immediately began taking precautions. Slone purchased separate towels and would not. wash her laundry with her daughters' laundry. Each time Slone washed her own laundry, she would run the washing machine with bleach to clean it. Slone also cleaned the bathroom with a bleach solution each time she used it for any purpose. When Slone cooked, she wore two pairs of food handler's gloves. Approximately five months after the incident, Slone moved from her Indiana home to Kentucky in an attempt to protect her daughters from the stigma caused by her possible exposure to AIDS.

As a result of her fears, Slone began having problems sleeping. Though she was once outgoing and friendly, Slone became withdrawn. Slone's relationship with her daughters deteriorated as well. Eventually, Slone sought psychiatric counseling. During the two years following the incident, Slone was tested for AIDS every six months and for the following three years Slone was tested annually. Fortunately, Slone did not test positive for AIDS.

On September 28, 1990, Slone filed a complaint against Dollar for her physical pain and mental suffering associated with the needle stab. Seven years later, Slone's suit finally went to trial and the jury returned a verdict in favor of Slone and awarded her $250,000. Dollar filed a motion to correct errors requesting the trial court to enter judgment on the evidence in its favor and to set aside the jury's damage award as excessive. Even though Dollar had not presented any scientific evidence concerning AIDS transmission at trial and had not attempted to have the trial court take judicial notice of this evidence during trial, Dollar also requested that the trial court take judicial notice of the proffered scientific evidence. Without ruling on Dollar's motion to take judicial notice, the trial court denied Dollar's motion to correct errors. Dollar appeals this decision.

## ISSUES

Dollar presents four issues [1] on appeal which we restate as:

I.  Whether we should take judicial notice of scientific evidence concerning the transmission of AIDS.

II.  Whether the trial court erred by denying Dollar's motion for judgment on the evidence.

III.  Whether the trial court erred by refusing to give Dollar's tendered jury instruction # 2.

IV.  Whether the jury's damage award was excessive.

## DISCUSSION

### I. Judicial Notice

In a separate motion, Dollar requests that we take judicial notice, under Indiana Rule of Evidence 201, of evidence concerning the transmission of AIDS. Slone argues that Dollar's request for judicial notice is merely an attempt to fill the evidentiary gaps that Dollar created by failing to present any evidence concerning the transmission of AIDS at trial. Alternatively, Slone contends that the evidence tendered for judicial notice by Dollar is not susceptible to judicial notice because it is subject to dispute.

In order to properly review Dollar's request, we must consider it in the context of Dollar's appeal. Upon appeal, Dollar's primary contention is that the trial court should have granted judgment on the evidence because Slone failed to present sufficient evidence of several elements of her cause of action. Dollar contends that Slone's evidence was insufficient because the evidence that Dollar wants us to judicially notice negates the evidence presented by Slone. Essentially, Dollar is asking us to review evidence not presented to the jury in order to find that the evidence presented to the jury was not sufficient to support the jury's ver-

---

1.  Dollar does not actually appeal the trial court's failure to rule on its request to take judicial notice of the scientific evidence. Instead, Dollar filed a separate motion with this court requesting that we take judicial notice of the evidence presented to the trial court in Dollar's original re-

quest for judicial notice. For simplicity's sake we have listed this issue as an issue raised upon appeal, when in reality we are simply responding to a motion separate, but related to Dollar's appeal.

dict. Dollar seeks to fill the evidentiary gaps it created by failing to present this evidence, or request judicial notice, at trial.

"It is likewise axiomatic that appellate review of the factfinder's assessment is limited to those matters contained in the record which were presented to and considered by the factfinder." *Hales & Hunter Co. v. Norfolk & W. Ry. Co.*, 428 N.E.2d 1225, 1227 (Ind.1981); *Bunker v. National Gypsum Co.*, 441 N.E.2d 8, 14 (Ind.1982). On appeal, judicial notice may not be used to fill evidentiary gaps. *Stewart v. Stewart*, 521 N.E.2d 956, 959 n. 2 (Ind.Ct.App.1988), *trans. denied.* Because our review of the jury's verdict is limited to only those matters presented to the jury, we decline Dollar's invitation to take judicial notice of the evidence concerning AIDS transmission.[2]

## II. Motion for Judgment on the Evidence

Dollar argues that the trial court erred by denying its motion for judgment on the evidence for several reasons, most of which revolve around Dollar's claim that Slone was required to prove that she was actually exposed to AIDS in order to recover. Slone counters that actual exposure is not required under Indiana law and that there was sufficient evidence to support the jury's verdict. We agree.

In our review of Dollar's claim of insufficient evidence to support the verdict, we neither reweigh the evidence nor judge the credibility of the witnesses, and we will consider only the evidence and reasonable inferences arising therefrom which support the jury's verdict. *Hardsaw v. Courtney,* 665 N.E.2d 603, 606 (Ind.Ct.App.1996). "In a civil case in which the jury returns its verdict for the plaintiff and the trial court enters judgment on that verdict, reversal is proper only where there is no evidence or reasonable inference from that evidence on an essential element of the plaintiff's case." *Id.* With this standard of review firmly in mind, we turn to Dollar's claims.

We first turn to the elements Slone was required to prove in order to succeed in her negligent infliction of emotional distress claim.[3] In order to succeed on her claim, Slone was required to show that she sustained a direct impact as a result of Dollar's negligence and as a result of this direct impact that she suffered an emotional trauma "which is serious in nature and of a kind and extent normally expected to occur in a reasonable person...." *Shuamber v. Henderson,* 579 N.E.2d 452, 456 (Ind.1991). The requirement that a plaintiff suffer a direct impact is known as the "impact rule." *Id.* at 454. Negligence consists of three elements: (1) a duty on the part of the defendant to conform its conduct to the requisite standard of care, (2) a breach of this duty, and (3) an injury to the plaintiff which was proximately caused by the breach. *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991).

Dollar first attacks the duty element of Slone's negligence claim by arguing that it had no duty to protect Slone from her unreasonable fears. As an innkeeper, Dollar owed Slone, as its guest, a duty to exercise reasonable care for Slone's safety. *Rocoff v. Lancella,* 145 Ind.App. 440, 251 N.E.2d 582, 585 (1969); *Burrell v. Meads,* 569 N.E.2d 637, 639 (Ind.1991). It is clear that Dollar had a duty to exercise reasonable care for Slone's safety.

Next, Dollar argues that Slone has not shown a direct impact because she did not prove that she was actually exposed to AIDS.[4] To support this claim, Dollar relies upon *Adams v. Clean Air Systems, Inc.,* 586

---

2. We leave to another day the resolution of the question of whether Indiana Rule of Evidence 201 applies to appellate courts.

3. Slone argues that her complaint was not a negligent infliction of emotional distress claim, but instead a simple personal injury claim involving mental distress as well. Dollar contends that Slone's claim is for negligent infliction of emotional distress and premises its arguments on this claim. Our review of Slone's complaint reveals that it can be read to state a claim for negligent infliction of emotional distress. Because the jury returned a general verdict and we believe that the evidence presented at trial was sufficient to support a negligent infliction of emotional distress claim, we will treat Slone's cause of action as such.

4. Dollar does not contest the element of breach of duty on appeal.

N.E.2d 940 (Ind.Ct.App.1992). In *Adams*, the plaintiffs sued the defendant for emotional distress caused by their possible exposure to asbestos while working for the defendant. None of the plaintiffs actually suffered a physical injury that led to the exposure to asbestos or were able to prove that they actually inhaled asbestos fibers. The plaintiffs' claim in *Adams* was premised solely on the mere possibility that they were exposed to asbestos and the fear that this possible exposure engendered.[5] The *Adams* court noted that in order to succeed on their claim, the plaintiffs were required to prove a direct impact and reasoned that the only direct impact that the plaintiffs could show would have been actual exposure to asbestos because none of the plaintiffs' exposure was occasioned by a physical injury. Because the plaintiffs could not show actual exposure, the *Adams* court held that the plaintiffs had not satisfied the "impact rule" as discussed in *Shuamber. Id.* at 942.

■ Dollar argues that *Adams* stands for the proposition that in "fear of disease" cases the plaintiff must show actual exposure in order to recover. Contrary to Dollar's contention, *Adams* does not stand for that proposition, but instead simply follows the requirement outlined in *Shuamber* that the plaintiff must prove a direct impact. Because of the unique facts of *Adams*, actual exposure to the asbestos was the only direct impact that the plaintiffs could have proven. In the present case, Slone was able to prove an impact other than actual exposure because the needle stab to her thumb was a direct impact.

■ Dollar also claims that the needle stab was so insignificant that it could not be considered a direct impact. Slone contends

that a direct impact need not be of a substantial and permanent nature in order to satisfy the requirement of a direct impact. We dealt with closely analogous facts in *Kroger Co. v. Beck,* 176 Ind.App. 202, 375 N.E.2d 640 (1978). In *Kroger,* the plaintiff's throat was punctured by a hypodermic needle embedded in a piece of meat she had eaten. The injury did not require medical treatment and resulted in no permanent physical problems, but the event did cause the plaintiff to vomit and resulted in an aversion to meat. Much. like Dollar, Kroger argued that the needle stab was so insignificant that it could not justify an award for mental distress. The *Kroger* court stated, "[a] cursory review of mental anguish decisions shows that permanent or substantial physical injury is not required and has not been required by the law." *Id.,* 375 N.E.2d at 643. "[T]here is no requirement that the injury be severe to support the parasitic mental anguish claim." *Id.* at 643 n. 1. Because the direct impact need not be substantial or permanent in nature, the needle stab was evidence of a direct impact.

■ The impact rule has three elements: "(1) an impact on the plaintiff; (2) which causes physical injury to the plaintiff; (3) which physical injury, in turn, causes the emotional distress." *Shuamber,* 579 N.E.2d at 454. The evidence presented by Slone satisfied all three elements of the impact rule. First, the needle stab was an impact on Slone. Second, though not substantial or permanent in nature, the needle stab was a physical injury that broke the skin of Slone's thumb and caused it to bleed. Finally, Slone's fear of AIDS and the mental distress she suffered from this fear were caused by the needle stab.[6] We hold that Slone has satisfied the impact rule.

5. Due to the long incubation period of asbestosis, the plaintiffs in *Adams* would not have been able to determine if they suffered from asbestosis until much later.

6. We note that the third element of the impact rule closely resembles the element of proximate cause in a negligence action. Dollar contends that there was not a reasonable connection between the needle stab and Slone's mental distress because there was no proof of actual exposure. As discussed above, Slone was not required to show actual exposure. Normally, the issue of

proximate cause is a question of fact. *Board of Com'rs of Adams County v. Price,* 587 N.E.2d 1326, 1333 (Ind.Ct.App.1992), *trans. denied.* "Once it has been shown that injury occurred, it is for the trier of fact to determine whether that injury was the catalyst producing the mental distress." *Kroger Co.,* 375 N.E.2d at 644. Slone presented evidence that her fears and the distress she felt were caused by the needle stab. We hold that Slone presented sufficient evidence that her distress was proximately caused by the needle stab for the purposes of both negligence analysis and impact rule analysis.

■ Finally, Dollar contends that Slone failed to show that her emotional distress was the kind expected in a reasonable person because she did not prove that she was actually exposed to AIDS.[7] In order to be compensable, the emotional distress Slone suffered must have been "of a kind and extent normally expected to occur in a reasonable person. . . ." *Id.* at 456. As discussed above, Slone was not required to show actual exposure in order to succeed on her claim. "It is axiomatic that questions of reasonableness belong exclusively to the jury." *Jordan v. Talaga,* 532 N.E.2d 1174, 1186 (Ind.Ct. App.1989), *trans. denied.* The record reveals that Slone was told that the needle that stabbed her most likely was placed inside the toilet paper roll by an intravenous drug user. When Slone was examined by Dr. Scully, he informed Slone that she would need to be tested for as long as ten years in order to insure that she had not contracted AIDS from the needle. There was also evidence that Slone knew that AIDS was a deadly disease with no known cure. This evidence was sufficient to support the jury's finding that Slone's fear of contracting AIDS from the needle was reasonable. We, therefore, hold that the trial court did not err by denying Dollar's motion for judgment on the evidence.

### III. Jury Instruction # 2

In this claim, Dollar contends that the trial court erred when it refused to give its tendered jury instruction # 2 concerning AIDS phobia claims. Slone argues that the instruction was not a correct statement of the law because she was not required to show actual exposure to AIDS and, therefore, the trial court correctly refused to give the instruction. We agree.

■ Dollar's tendered jury instruction # 2 stated:

You are instructed that Plaintiff's claims are based on the negligent infliction of emotional distress, pain and suffering caused by an AIDS phobia (fear) claim. The elements of such a claim which Plain-

tiff must prove are (1) the reasonable basis for the phobia; (2) actual knowledge of exposure to the AIDS virus, and (3) whether there was a reasonableness that the Plaintiff could contract the AIDS virus. Record at 30C. A trial court errs when it refuses to give an instruction "if the substance of the instruction is correct, if it is supported by the evidence, if it does not repeat material adequately covered by other instructions, and if the substantial rights of the tendering party would be prejudiced by the failure to give the instruction." *Captain & Co. v. Stenberg,* 505 N.E.2d 88, 97 (Ind.Ct. App.1987), *trans. denied.* In order to be given, the instruction must also correctly state the law. *Id.* As discussed above, actual exposure to AIDS was not an element that Slone was required to prove in order to succeed on her claim. By stating that Slone was required to prove actual knowledge of exposure to AIDS, Dollar's tendered jury instruction # 2 did not correctly state the applicable law. The trial court, therefore, did not err when it refused to give Dollar's tendered jury instruction # 2.

### IV. Excessive Verdict

In its final claim, Dollar argues that the jury award of $250,000 for mental suffering absent proof of actual exposure was excessive as a matter of law. Slone contends that the damage award was well within the discretion of the jury and was not excessive.

■ Traditionally, the jury is afforded a great deal of discretion in assessing damage awards. *Groves v. First Nat. Bank of Valparaiso,* 518 N.E.2d 819, 831 (Ind.Ct.App. 1988), *trans. denied.* "Physical and mental pain are, by their very nature, not readily susceptible to quantification, and, therefore, the jury is given very wide latitude in determining these kinds of damages." *Id.* This discretion is not limitless, however. "Where the damage award is so outrageous as to indicate the jury was motivated by passion, prejudice, partiality, or consideration of improper evidence, we will find the award excessive." *Id.* When the evidence concerning

---

7. Much of Dollar's argument is premised on the scientific evidence of the low probability of becoming infected with AIDS in this manner contained in its request for judicial notice. Because we have rejected Dollar's request to take judicial notice, we will not consider this evidence.

the injury and damages is conflicting, the jury is in the best position to assess the damages and the jury's verdict "cannot be said to be based upon prejudice, passion, partiality or corruption or on the consideration of some improper element." *Faulk v. Chandler*, 408 N.E.2d 584, 586 (Ind.Ct.App. 1980). Once again, we note that Slone was not required to show actual exposure and, thus, any failure to prove actual exposure does not factor into our analysis.

██ The evidence before the jury reveals that Slone was told that the needle was probably from an intravenous drug user and that she would need to be tested for upwards of ten years to determine whether she had contracted AIDS from the needle. Slone knew that AIDS was a fatal disease and that her only course of action was continued monitoring. At trial, Slone and her daughters testified about the enormous lengths to which Slone went to prevent any possible transmission to her daughters. Slone even moved her family from Indiana to Kentucky due to the stigma she felt from her possible exposure to AIDS. The jury also heard evidence that Slone's fears caused sleeplessness, altered her personality, affected her relationships with her daughters and her friends, and led to Slone seeking psychiatric counseling. Dollar claims that these fears were not reasonable and that Slone failed to prove any out-of-pocket expenses. At worst, the evidence concerning Slone's mental distress was conflicting. As the court in *Faulk* noted, when the evidence is conflicting, the jury's verdict cannot be said to be based upon prejudice, passion, partiality, corruption, or consideration of some improper element. *Id.* Because the evidence concerning Slone's emotional distress was at worst conflicting, we cannot say that the jury verdict was excessive as a matter of law.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.