Ronald DOLKEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–0102–CR–53.

Court of Appeals of Indiana.

July 6, 2001.

Jon Aarstad, Vanderburgh County Public Defender Agency, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Judge.

### Case Summary

Appellant-defendant Ronald Dolkey ("Dolkey") appeals his conviction for possession of two or more chemical reagents or precursors with the intent to manufacture methamphetamine,[1] a Class D felony. We reverse.

### Issue

Dolkey raises two issues, one of which is dispositive: whether the State presented sufficient evidence to support his conviction.

### Facts and Procedural History

The relevant facts most favorable to the conviction indicate that on May 9, 2000, Wal–Mart loss prevention associate Chet Howard ("Howard") saw Joanne Boren ("Boren") and a man together outside the store's pharmacy department. Boren purchased three boxes of pseudoephedrine tablets at a cash register, and the man purchased three boxes of pseudoephedrine tablets and rubbing alcohol at another cash register. Howard alerted the Vanderburgh County Sheriff's Office[2] and then saw Boren and the man leave the store and get into a Buick in the parking lot. Dolkey subsequently left the store, put some items in the trunk of the Buick, and drove the car out of the parking lot. Soon thereafter, sheriff's deputies stopped Dolkey's Buick. Dolkey consented to a search of the car, and the deputies found rubbing alcohol and boxes of pseudoephedrine in the back seat and two boxes of pseudoephedrine and a piece of plastic tubing in the trunk.

The State charged that Dolkey, "with the intent to manufacture methamphetamine, knowingly possess[ed] two (2) or more chemical reagent [sic ] or precursors, to wit: pseudoephedrine and rubbing alcohol (organic solvent)," a Class D felony. On November 30, 2000, a jury found Dolkey guilty as charged.

### Discussion and Decision

■ Indiana Code Section 35–48–4–14.5, under which Dolkey was charged, prohibits a person from possessing two or more "chemical reagents or precursors" with the intent to manufacture any of four controlled substances, including methamphetamine. See IND.CODE § 35–48–4–14.5(b)(2). Subsection (a) of the statute lists eighteen such chemical reagents or precursors, including pseudoephedrine and organic solvents. Id. § 35–48–4–14.5(a)(2) and (6). Dolkey does not dispute that he possessed pseudoephedrine but does contend that the State failed to establish that rubbing alcohol is an organic solvent and thus did not prove that he possessed two or more of the enumerated chemical reagents or precursors. We agree.

---

1. See IND.CODE § 35–48–4–14.5.

2. According to Howard, the store's loss prevention department notifies authorities as a standard operating procedure when a customer purchases three boxes of pseudoephedrine tablets or other "maximum amount[s] of specific precursor[s]" of methamphetamine.

In reviewing a claim of insufficient evidence, "we consider only the evidence supporting the verdict and any reasonable inferences to be drawn therefrom." *Cockrell v. State*, 743 N.E.2d 799, 803 (Ind.Ct. App.2001). We will not reweigh evidence or judge witness credibility. *Id.* "We will affirm a conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt of the crime charged." *Id.*

■ Recognizing that organic solvents are not classified as controlled substances under the statute, we nevertheless find the following language to be both applicable and instructive here:

It is a well-settled principle of criminal law [that] a conviction will be reversed as a matter of law if the State fails to prove an essential element of the crime. With respect to offenses involving controlled substances, the State must prove, as an essential element, [that] the proscribed drug falls within the applicable statutory provision. If a drug is identified in court by a name specifically designated as a controlled substance by the Indiana Code, then the State has proven as a matter of law [that] the drug is a controlled substance. If the substance is not specifically enumerated by the Code as a controlled substance, the State must offer extrinsic evidence to prove [that] the substance falls within the Code's definition.

*Barnett v. State*, 579 N.E.2d 84, 86 (Ind.Ct. App.1991) (citations to *White v. State*, 161 Ind.App. 568, 316 N.E.2d 699 (1974), omitted), *trans. denied.* Rubbing alcohol is not a substance specifically designated as a chemical reagent or precursor in section 35–48–4–14.5. Officer Jason Ashworth testified that rubbing alcohol is a reagent used to extract ephedrine from pseudoephedrine tablets, but the State offered no extrinsic evidence to prove that rubbing alcohol is an organic solvent—i.e., one of the chemical reagents or precursors specifically enumerated in the statute—and thus failed to prove an essential element of the crime. *See id.* at 87 (holding that State's failure to prove that acetaminophen with codeine is a controlled substance constituted failure to prove an essential element of offense of possession of controlled substance with intent to deliver).

In its appellate brief, the State cites a biochemistry text and cobbles together a series of dictionary definitions in a belated attempt to close this evidentiary barn door, but the horse escaped when the State rested its case at trial: "It is axiomatic that appellate review of the factfinder's assessment is limited to those matters contained in the record which were presented to and considered by the factfinder. On appeal, judicial notice may not be used to fill evidentiary gaps." *Dollar Inn, Inc. v. Slone*, 695 N.E.2d 185, 188 (Ind.Ct. App.1998) (citations and internal quotation marks omitted), *trans. denied* (1999).[3] We

---

**3.** Because the trial court did not take judicial notice of rubbing alcohol's "chemical composition and characteristics" in the instant case, we do not address Dolkey's arguments on this point. *Cf. White*, 161 Ind.App. at 574, 316 N.E.2d at 703 (State failed to prove that methadone is a controlled substance; "The gap may not be closed by resort to the doctrine of judicial notice. Such a step would require the trial court, from its own knowledge, to

note this particular drug's chemical composition and characteristics. Evidentiary proof of an essential element of a crime may not be so easily eliminated."); Ind. Evidence Rule 201(a) (stating that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

therefore reverse Dolkey's conviction for insufficient evidence. Dolkey may not be retried on this charge. *See Cockrell,* 743 N.E.2d at 803 ("When a conviction is reversed due to insufficient evidence, double jeopardy precludes retrial of the overturned conviction.").

Reversed.

ROBB and VAIDIK, JJ., concur.