## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2016, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus T. Conner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 13, 2016

Court of Appeals Case No.
20A03-1509-CR-1426

Appeal from the Elkhart Superior
Court 3

The Honorable Teresa L. Cataldo,
Judge

Trial Court Cause No.
20D03-1209-FA-63

**Bailey, Judge.**

# Case Summary

Marcus T. Conner ("Conner") appeals his convictions for three counts of Dealing in Cocaine, as Class A felonies,[1] and Maintaining a Common Nuisance, as a Class D felony.[2] We affirm.

# Issues

Conner presents two issues for our review, which we restate as:

    I.     Whether two of the trial court's findings of court congestion were clearly erroneous; and

    II.    Whether Conner waived his constitutional speedy-trial claims by failing to raise them before the trial court.

# Facts and Procedural History

On September 19, 2012, Conner was arrested after he sold cocaine to two confidential informants during three separate controlled buys arranged by the Elkhart Police Department. Conner sold the cocaine from his home, which was located within 1000 feet of a youth program center. On September 24, 2012, the State charged Conner with three counts of Dealing in Cocaine, as Class A felonies, and Maintaining a Common Nuisance, as a Class D felony.

---

[1] Ind. Code §§ 35-48-4-1-(a)(1)(C) & (b)(3)(B)(iv) (2008).

[2] I.C. § 35-48-4-13(b)(2)(B).

On March 26, 2015, the State moved to amend the charging information to allege that Conner was a habitual offender.[3]

[4] At Conner's initial hearing, a trial date was set for March 11, 2013.

[5] On the court's own motion, and by an order dated March 8, 2013, the trial court vacated the March 11, 2013 trial date due to court congestion and set a pre-trial conference for April 11, 2013 for the purpose of selecting a new trial date. On Conner's motion, the pre-trial conference was continued. At a pre-trial conference held on May 2, 2013, the trial was rescheduled for July 15, 2013.

[6] On defendant's motion, and by an order dated July 12, 2013, the trial court vacated the July 15, 2013 trial date, "with [Indiana Criminal Rule] 4 time chargeable to the Defense" (App. 149), and scheduled a pre-trial conference for July 25, 2013. At the conference, the trial was rescheduled for August 12, 2013.

[7] On the State's motion, and by an order dated July 31, 2013, the trial court vacated the August 12, 2013 trial date due to court congestion. At a pre-trial conference held September 5, 2013, the trial was rescheduled for January 6, 2014.

[8] On the court's motion, and by an order dated January 2, 2014, the court again vacated the January 6, 2014 trial date due to court congestion and set a pre-trial

---

[3] I.C. § 35-50-2-8.

conference for February 6, 2014. At the conference, the court set the trial for March 24, 2014.

[9] The State then filed two more motions to continue due to court congestion. By an order dated March 17, 2014, the March 24, 2014 trial was cancelled and rescheduled for June 23, 2014. By an order dated June 19, 2014, the June 23, 2014 trial date also was vacated.

[10] On July 7, 2014, Conner, acting pro se, sent to the court a motion for discharge under Indiana Criminal Rule 4. Conner was represented by counsel at the time, so the court did not accept the filing. At a pretrial conference held July 31, 2014, the cancelled June 23, 2014 trial was rescheduled for January 26, 2014.

[11] On October 23, 2014, Conner submitted another pro se motion for discharge, which the trial court again did not accept because Conner was represented by counsel.

[12] On the State's motion, and by an order dated January 20, 2015, the court rescheduled the January 26, 2015 trial due to court congestion and set a pre-trial conference for February 26, 2015.

[13] At the February 26, 2015 pre-trial conference, Conner, this time by counsel, filed in open court a motion for discharge under Indiana Criminal Rule 4. The court heard argument on the motion. The motion was denied, and trial was set for April 6, 2015.

[14] On April 6, 2015, the day of trial, Conner's counsel moved to withdraw his representation due to a conflict of interest. The trial was continued.

[15] A jury trial was held on July 20 and 21, 2015, and Conner was found guilty as charged. Conner admitted to being a habitual offender. By orders dated August 27 and 28, 2015, the trial court sentenced Conner to an aggregate sentence of seventy-two years.

[16] Conner now appeals his convictions.

# Discussion and Decision

[17] Although "Indiana Criminal Rule 4 generally implements the constitutional right of a criminal defendant to a speedy trial," *Bridwell v. State*, 659 N.E.2d 552, 553 (Ind.1995), "the protections of Rule 4(C) are not co-extensive with the protections guaranteed by the Sixth Amendment [to the U.S. Constitution] and Article 1, Section 12" of the Indiana Constitution. *Logan v. State*, 16 N.E.3d 953, 961 (Ind. 2014). Thus, "our review of Rule 4 challenges is 'separate and distinct' from our review of claimed violations of the speedy trial rights secured by the" U.S. and Indiana Constitutions. *Id.* at 958. Where an appellant challenges the timeliness of his trial on both grounds, "we ordinarily begin our analysis with [Criminal Rule] 4." *Sweeney v. State*, 704 N.E.2d 86, 99 (Ind. 1998).

# Criminal Rule 4

[18]  Conner first contends he was entitled to discharge under Indiana Criminal Rule 4(C).[4]  The goal of Criminal Rule 4 is to effectuate "a criminal defendant's fundamental and constitutionally protected right to a speedy trial." *Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013).  The rule "'provides that a defendant may not be held to answer a criminal charge for greater than one year unless the delay is caused by the defendant, emergency, or court congestion.'" *Curtis v. State*, 948 N.E.2d 1143, 1148-49 (Ind. 2011) (quoting *Pelley v. State*, 901 N.E.2d 494, 497 (Ind. 2009)).  The focus of Criminal Rule 4 is not fault, but to ensure early trials.  *Id.* at 1151.  The rule places an affirmative duty on the State to bring a defendant to trial.  *Id.*

[19]  Under Criminal Rule 4(C), the time period begins "from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later[.]"  Crim R. 4(C).  Delays caused by emergency or court congestion do not count toward the one-year period.  Crim R. 4(C).  In

---

[4] Criminal Rule 4(C) states:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule.  Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.  Any defendant so held shall, on motion, be discharged.

addition, delays caused by the defendant extend the Rule 4(C) one-year time period. Crim. R. 4(F). "In the end, tacking on additional time to the one-year period and excluding days from the one-year period are one and the same." *Curtis*, 948 N.E.2d at 1150. Thus to analyze a claim under Criminal Rule 4(C), we determine whether the time not attributable to the defendant's delays, court congestion, or emergency exceeds 365 days. *Id.*

[20] In this case, the State filed charges on September 24, 2012. Conner's trial was originally scheduled for March 11, 2013, but on March 8, 2013 the court on its own motion vacated the trial date due to court congestion. Therefore, the 165 days from September 24, 2012 to March 8, 2013, are charged to the State for the purposes of Criminal Rule 4.[5]

[21] Thereafter, Conner's trial date was vacated and rescheduled six more times before Conner filed his motion for discharge on February 26, 2015. On five occasions, the trial court, either on its own or the State's motion, issued an order vacating the trial date due to court congestion.[6] Conner requested a continuance of the July 15, 2013 trial.[7] Conner also requested a continuance of

---

[5] Conner contends this is 162 days, but our calculations show 165.

[6] In addition to the original March 11, 2013 trial date, the trial dates vacated due to court congestion were: August 12, 2013; January 6, 2014; March 24, 2014; June 23, 2014; and January 26, 2015.

[7] Conner's April 6, 2015 trial date was also continued when his counsel moved to withdraw due to a conflict of interest. However, this continuance occurred after Conner filed his motion for discharge, and in any case, Conner does not argue the delay should be charged to the State.

a pre-trial conference that was set for the purpose of selecting a new trial date.[8] Because these delays were caused by court congestion or Conner, none of this time is charged to the State.

[22] In sum, of the 885 days from charging (September 24, 2012) to the date on which Conner filed a motion for discharge (February 26, 2015), only 165 days were attributable to the State for Criminal Rule 4(C) purposes.[9] Because the number of days chargeable to the State does not exceed 365, Conner was not entitled to discharge under Criminal Rule 4(C).

[23] On appeal, Conner argues that two of the trial court's findings of congestion were erroneous, that the time should have been charged to the State, and thus he was entitled to discharge. We review a trial court's factual finding of court congestion or emergency for clear error. *Austin*, 997 N.E.2d at 1040.[10]

> Upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. However, a defendant may challenge that finding, by filing a Motion for Discharge and demonstrating that, at the time the trial court made its decision to postpone trial, the finding of congestion was factually or legally inaccurate. Such proof would be prima facie adequate for discharge, absent further trial court findings explaining the

---

[8] The pre-trial conference originally was scheduled for April 11, 2013 and held May 2, 2013.

[9] In total, 1029 days elapsed between charging (September 24, 2012) and trial (July 20, 2015).

[10] Although *Austin* concerned Criminal Rule 4(B), Criminal Rules 4(A) and 4(C) also provide for continuance due to a congested calendar or emergency. Therefore, "analysis in the context of Criminal 4(B) should apply with equal force to Criminal Rules 4(A) and 4(C)." *Austin*, 997 N.E.2d at 1038 n.8.

congestion and justifying the continuance. In the appellate review of such a case, the trial court's explanations will be accorded reasonable deference, and a defendant must establish his entitlement to relief by showing that the trial court was clearly erroneous.

*Clark v. State*, 659 N.E.2d 548, 552 (Ind. 1995).

First, Conner argues that the court erred in vacating the August 12, 2013 trial date because the parties agreed to the date during a pre-trial conference held on July 25, 2013, but shortly after, on July 31, 2013, the court granted the State's July 29, 2013 motion to vacate the trial date due to court congestion. According to Conner, "[i]t strains logic and common sense to decipher how both the trial court . . . and the State . . . could on July 25th agree to set Conner's trial on August 12 and then just four (4) days later, the same deputy prosecutor successfully files a motion to continue that trial date due to court congestion." (Appellant's Br. 8.) Conner argues that the timing of the State's motion renders the August 12, 2013 trial setting "meaningless," and therefore the delay from the time of the State's motion to continue (July 29, 2013) to the next trial date (January 6, 2014) should be chargeable to the State.[11]

The court's order vacating the August 12, 2013 trial date states only that the "court finds that this case is not likely to proceed due to congestion of the

---

[11] Conner's brief is inconsistent: he contends that the delay should be calculated from the time the State's motion to continue was filed (July 29, 2013) to the next trial date (January 6, 2014), but later defines the time period as between July 31, 2013 (the date of the court's order vacating the trial date) and January 2, 2014 (the court's next finding of congestion). At most, the period from July 29, 2013 to January 6, 2014 is 161 days.

Court's calendar . . . ." (App. 144.)  The corresponding entry on the Chronological Case Summary ("CCS") provides more detail, revealing that "[t]he first priority setting on August 12, 2013 is State of Indiana versus Kenneth L. Johnson, Cause No. 20D03-1203-FA-17." (App. 12.)  However, Conner did not object to the State's motion for continuance or otherwise challenge the court's order.[12]  Accordingly, the record concerning the trial court's finding was not further developed.  The record shows Conner's trial date was vacated because another case scheduled for trial that day had priority.  Absent further evidence that the finding was factually or legally inaccurate, "a trial court's finding of congestion will be presumed valid . . . ." *Clark*, 659 N.E.2d at 552.  Conner has not shown the court's finding of congestion was clearly erroneous merely by alleging on appeal that the timing of the State's motion was suspect.

[26]  Conner next argues that the trial court erred in vacating the January 26, 2015 trial date.  For that date, the State moved to continue, and the court's order, dated January 20, 2015, again stated that the "court finds that this case is not likely to proceed due to congestion of the Court's calendar . . . ." (App. 127.)

_____

[12] Eighteen months later, Conner eventually filed a motion for discharge on February 26, 2015, which did not challenge the factual accuracy of any of the court's findings of congestion.  At the hearing on the motion, in response to the prosecuting attorney's argument that Conner had not challenged the court's findings, Conner's counsel argued:

> I believe on a number of those occasions [when Conner's case was continued], either of those cases [the cases with higher priority] did not go.  I don't - - I don't specifically have the documentation concerning which cases did go on particular days.

(Discharge Tr. 6-7.)  However, Conner never pointed to specific dates or presented evidence to show which of the court's findings of congestion were allegedly erroneous.

The corresponding CCS entry elaborates that "[t]he first priority setting on January 26, 201[5] is State of Indiana versus Jose Jesus Macias, Cause No. 20D03-1109-FA-00026." (App. 15.)

[27] At the pre-trial hearing held to reschedule the January 26, 2015 trial date, Conner filed in open court a motion for discharge. However, in the written motion, Conner did not challenge the factual accuracy of the court's finding of congestion. In fact, regarding the January 26, 2015 trial date, Conner's counsel stated:

> I do realize that [Conner] was congested out the last time due to another matter that was apparently scheduled for trial at the same time as his trial. I do believe that that case may have been my case, and *I believe it was ultimately pled out the - -* if I remember correctly - - *the morning of trial* in connection with that matter.

(Discharge Tr. 4) (emphases added). By this statement, Conner's counsel appears to have represented to the court that the finding of congestion was factually accurate when it was made on January 20, 2015 because the priority case was not resolved until January 26, 2015.

[28] Conner now argues that the court's finding of congestion was erroneous because on January 16, 2015 – one day after the State's motion to continue was filed – the Macias case was continued to another date. In support, Conner has submitted the CCS from the Macias case as an addendum to his appellate brief and asks us to take judicial notice of the CCS under Indiana Evidence Rule 201.

[29] It is axiomatic that appellate review of the factfinder's assessment is limited to those matters contained in the record that were presented to and considered by the factfinder. *Dollar Inn, Inc. v. Slone*, 695 N.E.2d 185, 188 (Ind. Ct. App. 1998), *trans. denied*. "On appeal, judicial notice may not be used to fill evidentiary gaps." *Id.*

[30] By submitting the CCS, Conner seeks to present evidence that should have been presented first to the trial court. We decline Conner's attempt to fill an evidentiary gap, and we will not review the Macias CCS on appeal. The purpose of presenting such evidence first to the trial court is to allow the court to make further "findings explaining the congestion and justifying the continuance." *Clark*, 659 N.E.2d at 552. Perhaps when presented with evidence that the case with first priority on January 26, 2015 had been rescheduled, the court could have shown that another case with priority over Conner's still justified a finding of congestion. That is, even if the Macias case was rescheduled prior to January 26, 2015, it does not necessarily follow that Conner's case was the next case in line. By failing to present to the trial court evidence to support his claim, Conner deprived the court of an opportunity to respond and further develop the record. Absent evidence to the contrary, we presume the court's finding of congestion was valid. Accordingly, Conner has failed to show that the court's finding of congestion on January 26, 2015 was clearly erroneous.

[31] We acknowledge that a 1029-day delay from charging to trial is extraordinarily – and disconcertingly – long.[13] As our supreme court has repeatedly cautioned, court congestion "is not a blank check for poor judicial administration." *Logan*, 16 N.E.3d at 961; *Austin*, 997 N.E.2d at 1043. Still, Conner acquiesced in many of the continuances and failed to timely challenge the court's findings of congestion. Additionally, Conner did not file a motion for early trial under Criminal Rule 4(B), which may have entitled him to priority over other cases.[14]

[32] Because the number of days chargeable to the State did not exceed 365, Conner was not entitled to discharge under Indiana Criminal Rule 4(C).

## Constitutional Claims

[33] Conner next argues that a 1029-day delay from charging to trial violated his rights to a speedy trial under the U.S. and Indiana Constitutions. The Sixth Amendment to the U.S. Constitution provides, in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." Article 1, Section 12 of the Indiana Constitution provides, in part: "Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

---

[13] Conner contends the delay was 1018 days, but again our calculation comes in a little higher.

[14] Conner's counsel stated at the discharge hearing that "[w]e had not necessarily made a formal motion in regards for an early trial because of the issue that that may preclude any argument in regards to the motion for discharge." (Discharge Tr. 3-4.) Counsel reiterated that he did not pursue a Criminal Rule 4(B) motion "because I did not want to lose this potential appealable issue in connection with this case." (Discharge Tr. 4.)

[34] As an initial matter, the State argues that Conner waived his constitutional claims because he raises them for the first time on appeal. In support, the State cites *Curtis*, in which the Indiana Supreme Court held that an appellant forfeited his constitutional speedy-trial claim where the issue was not presented to the trial court but first raised on interlocutory appeal. 948 N.E.2d at 1147-48. The court reasoned that "[t]o hold otherwise would allow a party to circumvent the well-established rule that issues must be raised before the trial court or are unavailable on appeal." *Id.* at 1148 (citing *Pigg v. State*, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010), *trans. denied*).

[35] Although *Curtis* involved an interlocutory appeal, we find the court's reasoning equally applicable here. Conner did not raise his constitutional claims before the trial court, either in his written motion for discharge or at the hearing on the motion. Issues not raised at the trial level are generally waived on appeal. *See id.* Accordingly, Conner's constitutional speedy-trial claims are forfeited.

# Conclusion

[36] Conner was not entitled to discharge under Indiana Criminal Rule 4. Conner's constitutional speedy-trial claims are waived.

[37] Affirmed.

Bradford, J., and Altice, J., concur.